UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

RANIQUE WILLIAMS,

Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. NYDIA RODRIGUEZ,
Shield # 13149; P.O. DAVID AFANADOR,
Shield # 31730; P.O. FARRELL, Shield #
28017; P.O. DAVIS; and P.O. MURPHY; the
individual defendants sued individually
and in their official capacities,

Defendants.

----------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 3 0 2009 ★

BROOKLYN OFFICE

**COMPLAINT**

**09    4703**

ECF Case

Jury Trial Demanded

WEINSTEIN, J.

J. ORENSTEIN, M.J.

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff
seeks relief for the violation of plaintiff's rights secured by
42 U.S.C. §§ 1983, 1985(3), and 1988; the First, Fourth, Fifth,
Sixth, and Fourteenth Amendments to the United States
Constitution; and New York State law.  The claims arise from an
incident(s), which occurred on or about October 29, 2008.
During the incident(s) the City of New York, and members of the
New York City Police Department ("NYPD") subjected plaintiff to,
among other things, false arrest and imprisonment, excessive
force, assault and battery, unlawful search and seizure,
retaliation for free speech, conspiracy, conversion of chattels,
harassment, abuse of process, gross negligence, intentional and

negligent infliction of emotional distress, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. With respect to plaintiff's state law claims, plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim was duly filed on the City of New York within 90 days of the incidents at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been

2

filed within one year and 90 days of the incidents that are the basis of this claim.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Ranique Williams is a resident of the State of New York, Kings County.

6.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8.    Defendant P.O. Nydia Rodriguez is a New York City Police Officer, assigned shield # 13149, employed by the NYPD at the 77th Precinct located in Brooklyn, New York, who violated plaintiff's rights as described herein.

9.    Defendant P.O. David Afanador, is a New York City Police Officer, assigned shield # 31730, employed by the NYPD at the 77th Precinct located in Brooklyn, New York, who violated plaintiff's rights as described herein.

3

10.   Defendant P.O. Farrell is a New York City Police Officer, assigned shield # 28017, employed by the NYPD at the 77th Precinct located in Brooklyn, New York, who violated plaintiff's rights as described herein.

11.   Defendant P.O. Davis is a New York City Police Officer employed by the NYPD at the 77th Precinct located in Brooklyn, New York, who violated plaintiff's rights as described herein.

12.   Defendant P.O. Murphy is a New York City Police Officer employed by the NYPD at the 77th Precinct located in Brooklyn, New York, who violated plaintiff's rights as described herein.

13.   The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

14.   The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

15.   On October 29, 2008, at and in the vicinity of Franklin Avenue and Eastern Parkway, Brooklyn, New York, and the 77th Precinct, Brooklyn, New York, several police officers assigned to the 77th Precinct, including upon information and belief, P.O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O. Davis,

4

and P.O. Murphy, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

16. On October 29, 2008, at and in the vicinity of Franklin Avenue and Eastern Parkway, Brooklyn, New York, at approximately 7:00 p.m., plaintiff witnessed the defendants officers strip-searching an individual on the street and attempted to photograph the incident with his camera. Plaintiff did not obstruct, interfere, or intervene in that police action, but merely tried to document the officers' unlawful actions.

17. In retaliation, defendants P.O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O. Davis, and P.O. Murphy, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully stopped plaintiff on the street.

18. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed herein, plaintiff did not commit a violation of law, regulation, or administrative code, either in or outside the individual defendant officers' presence.

19. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed

5

herein, plaintiff did not commit any criminal act, either in or
outside the individual defendant officers' presence.

20. At all times mentioned in the complaint,
including prior to, during, and after the incidents detailed
herein, plaintiff did not act in manner that would give the
individual defendant officers cause to stop, question, or arrest
plaintiff.

21. At all times mentioned in the complaint,
including prior to, during, and after incidents detailed herein,
the individual defendants did not observe plaintiff engaged in
suspicious, unlawful, or criminal conduct.

22. At all times mentioned in the complaint,
including prior to, during, and after the incidents detailed
herein, the individual defendants did not observe plaintiff
commit: any violation of law, regulation, or administrative
code; commit any criminal act; or act in manner that justified
stopping, questioning, or arresting plaintiff.

23. At all times mentioned in the complaint,
including prior to, during, and after the incidents detailed
herein, the individual defendants were not provided with
information, or in receipt of a credible or an objectively
reasonable complaint from a third person, that plaintiff had
engaged in suspicious, unlawful or criminal conduct.

6

24.   Once defendants seized plaintiff, he was not free to disregard the defendants' questions, walk way or leave the scene.

25.   Plaintiff attempted to call a 911 operator and file a complaint against the defendant officers, and he asked the defendant officers to provide their badge numbers, but they would not do so.

26.   In retaliation, during the false arrest of plaintiff, defendants P.O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O. Davis, and P.O. Murphy committed excessive force against plaintiff by maliciously, gratuitously, and unnecessarily pushing plaintiff, slapping plaintiff's phone from his hand, grabbing plaintiff, repeatedly striking plaintiff in face and head, twisting plaintiff's arms, placing excessively tight handcuffs on plaintiff's wrists, lifting plaintiff from the ground by his handcuffs, yanking the chain of plaintiff's handcuffs, punching plaintiff in the face while handcuffed and in a police vehicle, and pulling the hood of plaintiff's sweat jacket over his head.

27.   In addition, defendants P.O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O. Davis, and P.O. Murphy transported plaintiff to the 77th Precinct and committed excessive force against plaintiff by maliciously, gratuitously, and

7

unnecessarily dragging plaintiff from the police vehicle, and
throwing him into a cell while he was handcuffed.

28.  Those defendants who did not touch plaintiff,
witnessed these acts, but failed to intervene and protect
plaintiff from this conduct.

29.  The individual defendant officers did not have an
objective and/or reasonable basis to use any degree of force
against plaintiff, since plaintiff was compliant to any
commands, did not resist arrest, and the officers used force
against plaintiff without informing him that he was being
arrested.

30.  Plaintiff was physically injured as a result of
the excessive use of force.  His injuries consisted of
contusions to his face and head, a laceration to his head and
jaw, soreness to his neck, pain, numbness and soreness to his
wrists, general pain and suffering that lasted several days, and
pain in his left wrist that lasted for approximately two weeks.

31.  Plaintiff received treatment for his injuries at
Interfaith Medical Center and from his treating physician.

32.  During the above-described excessive uses of
force, the defendant police officers stole plaintiff's camera
and flash drive from him, illegally converting his property.

33.  After being detained at the 77th Precinct,
defendants P.O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O.

Davis, and P.O. Murphy caused plaintiff to be transferred to Brooklyn Central Booking.

34.  While plaintiff was held at Brooklyn Central Booking, he was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

35.  While plaintiff was incarcerated at the 77th Precinct and Central Booking awaiting arraignment defendants .O. Rodriguez, P.O. Afanador, P.O. Farrell, P.O. Davis, and P.O. Murphy, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime; and based on the these false allegations the Kings County District Attorney's Office initiated a prosecution against plaintiff, under Docket Number 2008KN081499.

36.  To cover up their misconduct, the defendant police officers intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

37.  The defendant police officers initiated the above-stated malicious prosecution(s) against plaintiff.

38.  The defendant police officers lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

9

39. The defendant police officers acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

40. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

41. The above-stated malicious prosecution terminated in plaintiff's favor when the case against plaintiff was dismissed in its entirety in 2009.

42. Plaintiff retained a criminal defense lawyer to defend the case, which caused financial loss.

43. The aforesaid events are not an isolated incident. Defendant City of New York and Commissioner Raymond W. Kelly were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on when: a person may request an officer's badge number, that people have the right to record, document and complain about police misconduct without fear of attack by police officers, and when police officers are authorized to use force.

44. Defendants City of New York and Commissioner Raymond W. Kelly are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York and Commissioner Raymond W. Kelly have failed to take corrective action. This failure caused the

10

officers in the present case to violate the plaintiff's civil
rights.

45.   Moreover, defendants City of New York and
Commissioner Raymond W. Kelly were aware prior to the incident
that the individual defendants lacked the objectivity,
temperament, maturity, discretion, and disposition to be
employed as officers.   Despite such notice, City of New York and
Commissioner Raymond W. Kelly have retained these officers, and
failed to adequately train and supervise them.

46.   The individual defendants acted in concert in
committing the above-described illegal acts toward plaintiff.

47.   As a result of defendants' actions plaintiff
experienced personal and physical injuries, pain and suffering,
fear, an invasion of privacy, psychological pain, emotional
distress, mental anguish, embarrassment, humiliation, and
financial loss.

## FEDERAL AND STATE CLAIMS AGAINST
## THE INDIVIDUAL DEFENDANTS

48.   Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein.

49.   The conduct of defendant officers, as described
herein, amounted to: false arrest and imprisonment, excessive
force, assault and battery, unlawful search and seizure,
retaliation for free speech, conspiracy, conversion of chattels,

11

harassment, abuse of process, gross negligence, intentional and negligent infliction of emotional distress, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

50.  The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983, 1985(3) and 1988; the First, Fourth, Fifth, Sixth; and New York State law, by committing: false arrest and imprisonment, excessive force, assault and battery, unlawful search and seizure, retaliation for free speech, conspiracy, conversion of chattels, harassment, abuse of process, gross negligence, intentional and negligent infliction of emotional distress, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

51.  Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without

authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of plaintiff's rights secured by 42 U.S.C. §§ 1983, 1985(3), and 1988; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law.

52.  As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

53.  The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

54.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55.  Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervisor subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights

13

of others by failing to act on information indicating that unconstitutional acts were occurring.

56.   Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

57.   Upon information and belief, defendant Kelly was responsible for the supervision, oversight and discipline of all police officers. He was also responsible for the care, custody and control of all detainees in police custody.  As Commissioner, Kelly is provided on a regular basis with reports concerning: abuse of authority by police officers, excessive uses of force by police officers, complaints allegations concerning these same topics, and breaches of NYPD procedures.

58.   Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

59.   The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983, 1985(3) and 1988; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law, by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers,

14

failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and violate those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

60.   As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

61.   The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   The City of New York directly caused the constitutional violations suffered by plaintiff.

64.   Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from

15

NYPD's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

65. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate individuals without consequence. Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

66. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983, 1985(3), and 1988; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law.

67. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

16

68.  As a direct and proximate result of the City of New York's misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

69.  Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.  Compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Costs, interest and attorney's fees; and

d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          October 29, 2009

                              MICHAEL HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              350 Fifth Avenue, Suite 4810
                              New York, New York 10118
                              (212) 643-2900
                              mhueston@nyc.rr.com
                              By:


                              _____
                              MICHAEL O. HUESTON

18